(15 App. Div. 122.)

## DUNTON v. HUME.

(Supreme Court, Appellate Division, Second Department. March 19, 1897.)

STATUTES—EXPRESSING SUBJECT OF ACT IN TITLE.
> The subject of Laws 1896, c. 178, amending Laws 1892, c. 686, § 69, entitled "An act to amend chapter 686 of the Laws of 1892, * * * relating to authorizing towns to borrow money," by requiring a vote of the electors of the towns in Queens county to authorize the borrowing of money for highway purposes, which requirement does not apply to other counties, is sufficiently expressed in the title, as required by Const. art. 3, § 16, relating to local laws.

Controversy between Frederick W. Dunton, supervisor of the town of Jamaica, as plaintiff, and John F. Hume, as defendant, submitted without action, under Code Civ. Proc. § 1279. Judgment for defendant.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

F. H. Van Vechten, for plaintiff.
Royal S. Crane, for defendant.

WILLARD BARTLETT, J. On the 18th day of February, 1897, the board of supervisors of Queens county, assuming to act under section 69 of the county law, upon the written request of the commissioners of highways and the town board of the town of Jamaica, adopted a resolution authorizing the town of Jamaica to borrow $450,000 for the purpose of building, repairing, and macadamizing certain public highways in that town. No vote of the electors of such town, however, was obtained before the adoption of the resolution, as prescribed by the amendment to section 69 of the county law, which was affected in 1896 by the enactment of chapter 178 of the Laws of that year. The defendant, who has made a contract with the supervisor of Jamaica for the purchase of the bonds upon which the money is sought to be borrowed, now refuses to carry out his agreement, on the ground that the resolution of the board of supervisors is invalid, because it was not preceded by a vote of the electors of the town, under the amended provisions of the county law. In the present proceeding the plaintiff contends that the amendment of 1896 is unconstitutional, and seeks to compel the defendant to perform his contract for the purchase of the bonds.

The sole question, therefore, which we are called upon to decide in this case, is whether section 69 of the county law, as amended in

1896, is in conflict with that provision of the constitution of the state which declares that no private or local bill shall embrace more than one subject, and that shall be expressed in its title. Const. art. 3, § 16. Prior to 1896, section 69 of the county law provided that a board of supervisors might, upon the application of any town liable, or to be made liable, to taxation, in whole or in part, for constructing, building, repairing, or discontinuing any highway or bridge therein, or upon its borders, pursuant to a vote of the electors, or upon the written request of the commissioners of highways and the town board, authorize such town to construct, build, repair, or discontinue such highway or bridge, and to borrow such sums of money as might be necessary for the purpose for and on the credit of the town. The amendment of 1896 consisted of the addition to the section of the following words:

"But in the county of Queens a vote of a majority of the electors of any such town or towns, voting at an annual town meeting, or special town meeting called for that purpose, must first be obtained before the board can authorize such town or towns to borrow any money for, or on the faith and credit of such town or towns for the purposes above mentioned."

The county law constituted chapter 686 of the Laws of 1892. Section 69 was amended by chapter 79 of the Laws of 1894, by chapter 163 of the Laws of 1894, by chapter 742 of the Laws of 1895, and finally by chapter 178 of the Laws of 1896, containing the amendment in question. The title of the last amendatory act is as follows:

"An act to amend chapter six hundred and eighty-six of the Laws of eighteen hundred and ninety-two, entitled 'An act in relation to counties, constituting chapter eighteen of the General Laws,' as amended by chapter seventy-nine of the Laws of eighteen hundred and ninety-four, by chapter one hundred and sixty-three of the Laws of eighteen hundred and ninety-four, and by chapter seven hundred and forty-two of the Laws of eighteen hundred and ninety-five, relating to authorizing towns to borrow money."

It will be perceived that its title expressly declares (1) that the act is an amendment of chapter 18 of the General Laws in relation to counties,—i. e. the county law; and (2) that it relates "to authorizing towns to borrow money." No one interested in Queens county affairs could read the title without being made aware that the act might well affect that county, or any town within that county which proposed to borrow money. We think that this title sufficiently expressed the purpose of the enactment, assuming that it is to be regarded as a local law, so far as this provision is concerned.

The case cannot be distinguished in principle from People v. Brinkerhoff, 68 N. Y. 259. There the appellants questioned the constitutional sufficiency of the title of an act passed in 1872, amending an act passed in 1869, which conferred upon the board of supervisors of any county, except New York and Kings, legislative authority to empower the supervisor of any town to borrow money on the town's credit for the purpose of building, repairing, or improving highways. The amendatory law empowered the board of supervisors of Queens county to proceed by a different method from that which the original act prescribed for boards of supervisors generally. It was entitled "An act to amend an act entitled 'An act

to extend the powers of boards of supervisors except in the counties of New York and Kings,' passed May 11, 1869." In answer to the contention that it was a local act, the subject of which was not expressed in the title, the court of appeals, speaking through Folger, J., said:

"It may be conceded that it is a local act, and it is to be said, as a general rule, that whenever such an act and the title meet the purpose of the constitutional inhibition, the act is valid. That purpose has often been stated. It is twofold, to prevent log-rolling. This is done by forbidding more than one subject. This act is not obnoxious to that. To advise the public in general, and members of the legislature in particular, by the title of the bill, what interests are likely to be affected by its becoming a law. * * * This certainly advises every one interested in the doings of a board of supervisors that the powers of that board may be increased or diminished. A citizen of the county of Queens at home, or the representative of the county of Queens in the legislature, had reason, from this title, to apprehend that the powers of the board of supervisors of that county might be involved. So it was not obnoxious to the constitutional inhibition in that respect."

A like argument applies with equal force to the title of the act of 1896, by which section 69 of the county law was amended, so far as that section applies to Queens county.

We are satisfied that the objection to the constitutional validity of that statute is not well taken, and that the defendant should not be compelled to carry out his contract, under the circumstances. Upon the statements of facts, therefore, the defendant is entitled to judgment. All concur.